IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31106
Summary Calendar
_____

VOYD B. BURGER,

Plaintiff-Appellant,

versus

AMERICAN MARITIME OFFICERS UNION, ET AL.,

Defendant,

BAY SHIP MANAGEMENT, INC.;
AVONDALE INDUSTRIES, INC.,

Defendants-Appellees.

_____

Appeals from the United States District Court for the
Eastern District of Louisiana
Civil Action No. 98-2085-T
_____

May 10, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Voyd Burger has filed a series of suits pro se[1] related to his

firing in 1995.  He appeals the dismissal of one of those suits

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]It appears that while Burger had the assistance of counsel at
one point in this litigation, he has conducted most of the legal
activity, including this appeal, by himself.

here.  For the reasons stated herein, we affirm in part, vacate in part, and remand.

I

In early 1995, Burger was the chief officer of the U.S.N.S. Bellatrix.  Bay Ship Management, Inc. operated this ship under a contract with the U.S. Navy, which owned the Bellatrix.  In March of that year, while the Bellatrix was docked at Avondale Industries' shipyard in Avondale, Louisiana, Captain Richard Martucci fired Burger.  Burger filed a grievance with the American Maritime Officers Union, but the union declined to take his grievance to arbitration.

On February 20, 1996, Burger filed his first suit against Bay Ship Management and Avondale, among others, in United States District Court for the Northern District of Florida.  That court dismissed the suit without prejudice for lack of jurisdiction.  Burger appealed, and the Eleventh Circuit eventually upheld the dismissal.

While the appeal of his first suit was pending, however, Burger filed a second suit based on the same claims in United States District Court for the Eastern District of Louisiana.  He raised a host of claims, including RICO and ADEA violations, improper and retaliatory discharge, fraud, and conspiracy.  Bay Ship Management and Avondale moved to dismiss based on the first-

2

to-file rule.  The district court granted their motion and dismissed Burger's claims with prejudice.  Burger appealed to the Fifth Circuit.

While that appeal was pending, Burger filed his third suit against the defendants, also in the Eastern District of Louisiana. Bay Ship Management filed another motion to dismiss, based on the first-to-file rule and res judicata.  The district court presiding over that suit granted their motion.

Soon thereafter, we ruled on Burger's appeal of the dismissal of his second suit.  We held that dismissal with prejudice on first-to-file grounds had been improper because the Florida court had lacked jurisdiction.  We therefore remanded the case for further proceedings.

On February 8, 1999, the district court presiding over the second suit ordered all parties to file answers or pleadings within thirty days.  Avondale filed a timely motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court granted on April 15, 1999.  Bay Ship Management then filed for summary judgment on the various claims.  The district court granted that motion in late August.  Then, on September 2, 1999, the district court entered its order dismissing the complaint with prejudice.  Burger filed a motion for reconsideration, and while it

3

was pending, filed his notice of appeal. The district court ultimately denied his motion. We now hear his appeal.

In the meantime, however, Burger filed yet another suit on January 19, 2000, again in the Eastern District of Louisiana. We are not aware of the status of that suit.

## II

### A

Burger first argues that his claims against Avondale were improperly dismissed because he did not have an opportunity to conduct discovery or to amend his complaint.[2] Because the district court did not deny either a motion to compel discovery or a motion to amend his complaint, Burger is apparently challenging the district court's alacrity in responding to Avondale's motion to dismiss.

There is nothing in the record suggesting that Burger sought and was denied discovery because the claims against Avondale were decided at the pleadings stage on a 12(b)(6) motion. Discovery had not begun. Nor would discovery have helped Burger, because additional evidence would not have affected whether his complaint stated a cognizable claim against Avondale.

_____

[2]The only discovery that Burger mentions is to see the contract between Avondale and Bay Ship Management. Burger raises this request for additional discovery twice, first in the section of his brief titled "Issue 1," and then later in the section titled "Issue 2."

As for an opportunity to amend his complaint, we point out that Burger had two months to amend his complaint from the date the case was remanded to the district court. He had one month after Avondale filed its motion to dismiss. Burger never tried to amend his complaint during this two-month period, however.

We decline to reverse a district court because it responded to a motion too promptly. Relief with respect to the Avondale claims is therefore denied.[3]

---

[3]One part of Burger's brief states:

> It is Burger's position that the district court did not apply the law properly because it ignored the facts. Burger contends that Avondale was required by contract to be used and paid by Avondale Shipyard for on-call time spent standing by to perform work for their benefit. Likewise, Burger believes that had they been forced to provide the Court with that contract it would prove this assertion. Burger submitted contracts Avondale had with other MSC ships that were in dry dock, showing that Avondale had to provide and pay for any labor used, and that Avondale was required to use the crew of the BELLATRIX to run ships gear, and assist the shipyard in whatever work they required help by the ship's crew.

To the extent that Burger is raising an issue other than his inability to conduct discovery, we cannot discern what it is. He has neither explained what claim these "facts" are relevant to nor how they suggest that the district court was wrong to dismiss his case against Avondale for failure to state a claim.

Similarly, in the last section of his brief, Burger asserts that the district court erroneously found that if he was an Avondale employee, he was an "at-will" employee, allowing the firm to fire him without cause. Burger's argument appears to be that the district court ignored evidence establishing that Avondale paid him for work he did for Avondale. He then contends that this evidence demonstrates something other than an "at-will" relationship with Avondale. We disagree. Burger needed to allege

Burger next challenges the district court's decision to grant Bay Ship Management's summary judgment motion for lack of subject matter jurisdiction. The district court held that Burger's claims were governed by the Public Vessels Act, 46 U.S.C. § 781-790. This Act incorporates the exclusivity provision of the Suits in Admiralty Act, 46 U.S.C. § 741-752. Section 745 provides that the United States is the proper defendant when there is a remedy provided against the United States, and that an action cannot be brought against the agent or employee of the United States whose acts or omissions allegedly gave rise to the claim. Because Burger's suit arose from his employment onboard a U.S.-owned vessel operated by an agent of the United States, Bay Ship Management, his only remedy was under the Suits in Admiralty Act against the United States. For these reasons, the district court dismissed his claims on summary judgment.

Burger's argument on appeal is that Bay Ship Management is not an agent of the United States, but is instead an independent contractor. Burger points out that Bay Ship Management had day-to-day control over the ship and its personnel. But under existing case law, this is not a necessary condition to agency. In <u>Dearborn</u>

---

the existence of an employment contract between himself and Avondale, which he has failed to do.

v. Mar Ship Operations, Inc., 113 F.3d 995, 998-99 (9th Cir. 1997), a Ninth Circuit panel held that where the government exerts significant overall control and direction, and where the ship was to be used for government purposes in support of government missions, a charterer with day-to-day control and authority to hire and fire was still an agent.  After an examination of the contract between Bay Ship Management and the Navy, it is clear that the government maintained the same level of overall control, and that the ship was to be used for government purposes in support of government missions.  Thus, Bay Ship Management was an agent, depriving the district court of jurisdiction.

We do agree, however, with Burger's argument that granting summary judgment is an inappropriate way to effect a dismissal for lack of subject matter jurisdiction.  Bank One Texas v. United States, 157 F.3d 397, 403 n.12 (5th Cir. 1998)(citing Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1157 (5th Cir. 1981)).  For that reason, the district court's summary judgment is vacated and the case will be dismissed for lack of jurisdiction.

C

The heading of the last section of Burger's brief reads:

WHETHER SIAA OR PVA PROVIDES A CAUSE OF ACTION THEMSELVES, PRE-EMPTS THE FAIR LABOR AND STANDARDS ACT, OR ADEA, OR MERELY OPERATES AS A WAIVER OF SOVEREIGN IMMUNITY?

7

Unfortunately, he fails to make any argument to this effect in the text that follows that heading.  Thus, we will not address this issue.

IV

For the reasons stated herein, the district court's decision is AFFIRMED in part, VACATED in part, and DISMISSED in part.

AFFIRMED in part; VACATED in part; and DISMISSED in part.